UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAY 19 2006

LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| GREG DAVIS,<br>            Plaintiff | |
| vs. | Case No.: 1:05-cv-01123-GLS-DRH |
| DONALD C. KATT, in his official capacity as President for Ulster County Community College, GORDON H. HOWATT, JR., individually and in his official capacity as Dean of Administration for Ulster County Community College, JEFFREY E. STOUTENBERG, individually and in his official capacity as Associate Dean of Administration for Ulster County Community College, and JAMES QUIRK, individually and in his official capacity as Associate Dean of Student Services for Ulster County Community College,<br>            Defendants | FINAL JUDGMENT BY CONSENT |

As final resolution, this matter and controversy has been settled by and between the parties, and accepted by this Court, as reflected herein.

IT IS on this 19th day of May, 2006, ORDERED AND ADJUDGED as follows:

1. The parties agree that the policy of Ulster County Community College that limits use of facilities and speech by non-college groups on the basis of said activity being "cultural," "social," "educational," or "recreational" is unconstitutional as being violative of the free speech clause in the First Amendment to the United States Constitution.

2. The parties agree that the actions of some of the Defendants in precluding Mr. Davis's speech on October 10, 2003 is unconstitutional as violative of the free speech clause in the First Amendment to the United States Constitution.

3. Defendants named herein and their agents, servants, employees, any individuals who shall similarly hold the same office or title, and any and all persons and entities acting in concert or participation with them, directly or indirectly, are permanently enjoined from enforcing any policy or taking any action against Plaintiff, Greg Davis, that would preclude him or restrict him from engaging in expression on the campus on the basis that his speech is not deemed "cultural," "social," "educational," or "recreational" activity.

4. Mr. Davis is to receive from Defendants nominal compensatory damages in the amount of $2,000.00 in this matter.

5. Defendants shall pay Plaintiff the sum of $20,000.00 in attorneys fees and expenses.

6. This Court shall retain jurisdiction of this action solely for the purpose of enforcing this Order, should such need arise.

_____
THE HONORABLE GARY L. SHARPE
UNITED STATES DISTRICT JUDGE    5/19/06

WE HEREBY CONSENT TO THE FORM AND
ENTRY OF THE ABOVE ORDER:

_____        _____
Michael E. Catalinotto, Sr.            Nathan W. Kellum
Maynard, O'Connor, Smith & Catalinotto ALLIANCE DEFENSE FUND
Route 9W, P.O. Box 180                 Post Office Box 11159
Saugerties, NY 12477                   Memphis, TN 38111
Attorney for Defendants                Attorney for Plaintiff

2